# In the United States Bankruptcy Court for the Southern District of Georgia
## Savannah Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By lbarnard at 12:56 pm, Oct 01, 2015

| | |
|---|---|
| In the matter of:<br><br>BRYANT O. EASTERLING<br>DEIDRE O. EASTERLING<br>(Chapter 13 Case Number <u>14-41485-LWD</u>)<br><br>*Debtors* | Adversary Proceeding<br><br>Number <u>15-04011-LWD</u> |
| BRYANT O. EASTERLING<br>DEIDRE O. EASTERLING<br><br>*Debtor/Plaintiff*<br><br>v.<br><br>SOUTH STATE BANK<br><br>*Defendant* | |
| In the matter of:<br><br>GWENDOLYN W. WILSON<br>(Chapter 13 Case Number <u>12-4009-LWD</u>)<br><br>*Debtors*) | Adversary Proceeding<br><br>Number <u>15-04007-LWD</u> |
| GWENDOLYN W. WILSON<br><br>*Debtor/Plaintiff*<br><br>v. | |

AO 72A
(Rev. 8/82)

| | |
|---|---|
| WELLS FARGO BANK, NA, DBA WELLS FARGO HOME MORTGAGE AND AMERICA'S SERVICING CO, ITS SUCCESSORS AND ASSIGNS, SUCCESSOR IN INTEREST TO FREMONT INVESTMENT AND LOAN HSBC BANK, USA NATIONAL ASSOCIATION, AS TRUSTEE FOR HOME EQUITY LOAN TRUST SERIES ACE 2006-HE1, ITS SUCCESSORS AND ASSIGNS, SUCCESSOR IN INTEREST TO FREMONT INVESTMENT AND LOAN | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| *Defendant* | ) |

## **OPINION AND ORDER ON DEBTORS' MOTIONS FOR JUDGEMENT BY DEFAULT**

In each of the above-captioned cases, Default has been entered by the Clerk of this Court. This followed proper service of Complaints and Summons by the Debtors seeking to treat the Defendants' second mortgages as wholly unsecured and to cancel the mortgage lien on record.

Default has been entered in both cases and a Motion for Entry of Default Judgment has been pending in each case for over 60 days, with no request by either Defendant to have the Entry of Default set aside.

Accordingly, the Motions before the Court are granted and separate Judgments by Default will be entered of record in each case, based on existing precedent.[1]

_____
Lamar W. Davis, Jr.
United State Bankruptcy Judge

Dated at Savannah, Georgia

This 29th day of September, 2015.

---

[1] But see Everette Davis v Springleaf Financial Services, Inc case 15-4020-LWD at n. 4., which discussed a vanishing minority line of cases on this topic. "The minority view basically held that when analyzing a "stripoff" situation in Chapter 13, a court should look first to whether the creditor holds a mortgage secured only by the debtor's principal residence. If so, the creditor's rights under § 1322(b)(2) may not be modified regardless of the presence or absence of underlying equity in the residence. Indeed, a later panel of the Eleventh Circuit also agreed with the minority but, like this Court in Smith, ultimately held that it was bound to follow the Tanner decision of its prior panel. American Gen. Fin., Inc. v. Dickerson (In re Dickerson), 222 F.3d 924, 926 (11th Cir. 2000).

The Supreme Court recently issued a decision that could conceivably resurrect the minority view. Although arising in a Chapter 7 case which required interpretation of § 506(d) rather than § 1322(b)(2), the Supreme Court used similar reasoning to that of the minority view mentioned *supra* in holding that a wholly unsecured lien in Chapter 7 cannot be "stripped off." Bank of America, N.A. v. Caulkett, 2015 WL 2464049 (U.S. June 1, 2015). Specifically the Court noted: "'secured claim' in § 506(d) [] mean[s] a claim supported by a security interest in property, regardless of whether the value of that property would be sufficient to cover the claim." *Id.* at 3. Like the Dickerson Court, the Supreme Court also had reservations about a statutory interpretation that placed significant emphasis on judicial valuations. *Id.* at *5. The Court observed that a reading allowing only creditors holding a lien with at least $1 of equity based on a judicial valuation to retain their lien through the bankruptcy could lead to arbitrary results. *Id.*

I agree with the Court's reasoning in Caulkett, and believe it is conceivable that the same reasoning might apply in interpreting the phrase "claim secured only by a security interest in real property that is the debtor's principal residence..." which appears in § 1322(b). This may well lead to a reexamination the precedential authority of Tanner and the other circuit court opinions that have addressed this issue."

See also In re Smith 514 B.R. 331 (Bankr. S.D. Ga. July 23, 2014) n. 6.

AO 72A
(Rev. 8/82)